# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| DEBRA L. DUDA, * | |
| * | No. 19-0031V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: August 30, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * | |

Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Debra Duda's motion for final attorneys' fees and costs. She is awarded **$40,119.97**.

\* \* \*

On January 4, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccine she received on December 6, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer adhesive capsulitis. A fact hearing was held on March 18, 2021. On August 10, 2021, the undersigned issued his fact ruling regarding onset and tentative fact finding regarding pain and suffering. 2021 WL 4735857. On December 21, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 6492312.

On December 27, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner's motion requests attorneys' fees of $37,835.98 and attorneys' costs of $2,283.99 for a total request of $40,119.97. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any fees or costs related to the prosecution of his petition. On December 29, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on December 30, 2021, reiterating her belief that the requested fees and costs are reasonable.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel, Mr. Mark Sadaka: $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, and $444.00 per hour for work performed in 2021. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel for his Vaccine Program work. See, e.g. Rose v. Sec'y of Health & Human Servs., No. 17-1770V, 2021 WL 3053035 (Fed. Cl. Spec. Mstr. Jun. 28, 2021). Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $37,835.98.

C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $2,283.99 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by a medical expert, Dr. James Anderson, who was petitioner's treating chiropractor and who testified at the fact hearing.[2] These costs are all reasonable and supported with the proper documentation and shall be awarded in full.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$40,119.97** (representing $37,835.98 in attorneys' fees and $2,283.99 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Dr. Anderson billed different hourly rates to perform different tasks - $400.00 per hour to review medical records, $300.00 per hour to testify at the fact hearing, and $200.00 per hour to communicate about case matters with various individuals. Fees App. Ex. 2 at 11. In total, Dr. Anderson billed 4.5 hours for a total of $1,250.00 per hour, an average of $277.77 per hour. The undersigned finds the total amount for Dr. Anderson's work to be reasonable. In doing do, the undersigned is not explicitly endorsing any of the aforementioned rates as *de facto* reasonable for the work of a chiropractor. Rather, in light of the work performed in the instant case, the total amount billed is reasonable.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.